# In the United States Court of Federal Claims

No. 16-1023C
(Filed December 13, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
FIELD TRAINING SUPPORT           *
SERVICES,                        *
                                 *
                                 *
            Plaintiff,           *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant,           *
     and                         *
                                 *
QUADRANT TRAINING SOLUTIONS,     *
                                 *
            Defendant-Intervenor.*
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

This case is a pre-award bid protest challenging a determination made by the Small Business Administration's (SBA) Office of Hearings and Appeals (OHA) that plaintiff, Field Training Support Services (FTSS), was not a small business eligible to compete for a contract award under the portion of a multiple award contract solicitation that was set aside for small businesses. In its decision, OHA determined that plaintiff, which is a joint venture, was not a small business because one of its members (LB&B Associates) is a large business. This decision, which reversed a finding by the SBA's Area Office, was based on a determination that plaintiff did not qualify for an exemption from the affiliation rules available to certain joint-ventures involving one small and one large business which have an approved "mentor/protégé" relationship. *See* 13 C.F.R § 124.520 (rules for the SBA mentor/protégé program). All of the requirements for this exemption were found to be met save one: OHA determined that there was no evidence that SBA had approved the continuation of the mentor/protégée agreement between the members of the joint venture for the relevant year, namely 2014–15. See *Id.* § 124.520(e)(4)

(2015) (stating that SBA will annually review mentor-protégé agreements to determine if they should be renewed for another year). The Area Office determined that, based on the evidence before it, the approval had occurred. But OHA, based on the same evidence, reversed that determination. Plaintiff responded with this bid protest.

The government has moved to dismiss the protest under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) on grounds of mootness or, in the alternative, to remand this matter to OHA under 28 U.S.C. § 1491(a)(2), because OHA wants to reconsider its decision. Def.'s Mot. to Dismiss, or in the Alternative, for Remand (Def.'s Mot.) at 1.† Reconsideration is sought because the government found in the record a document that was not addressed by the parties or OHA, but may be relevant to the issue of whether continuation of the mentor/protégé agreement had been approved for the relevant time period. *Id.* at 3–4. Plaintiff opposes dismissal of the case, but not a remand. Pl.'s Resp. to Def.'s Mot. (Pl.'s Resp.) at 1. Intervenor opposes both alternatives. Intervenor's Opp'n to Def.'s Mot. (Intervenor's Opp'n) at 1.

Plaintiff's protest is not moot, and this is made clear by the government's own motion --- in which it represents that OHA will reconsider the matter and "potentially issue a new decision." Def.'s Mot. at 6. For a case to be moot, as the government also notes, *id.*, the relief sought must have already been granted, or the court must find that "the questions originally in controversy between the parties are no longer at issue." *Chapman Law Firm Co. v. United States*, 490 F.3d 934, 939–440 (Fed. Cir. 2007). This is not the case here given that, as things now stand, OHA's determination in this matter remains --- until its decision is revoked or modified --- that plaintiff is not a small business and thus is excluded from the competition. Unlike a bid protest challenging the evaluation of proposals, for which a reevaluation is the standard relief, in this case plaintiff is not seeking a new decision from OHA. Rather, plaintiff wants the decision declared invalid and reversed. Compl. at 24. While OHA's reconsideration of the matter might result in a new decision sustaining the Area Office determination and rendering this case moot, it has not happened yet.

Given OHA's desire to reconsider its decision, however, and the fact that a favorable decision would make this protest moot, remand seems appropriate. Intervenor objects to a remand on three grounds. First, it asserts that OHA no longer has jurisdiction over this matter, arguing that such jurisdiction terminated 20 days after the entry of the initial decision. Intervenor's Opp'n at 3–4 (citing 13

---

† Mootness presents a question of subject-matter jurisdiction and is thus properly the subject of an RCFC 12(b)(1) motion. *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 328–29 (2012); *Technical Innovation, Inc. v. United States*, 93 Fed. Cl. 276, 278 (2010).

C.F.R. § 134.227(c)).  But the regulation it relies upon imposes a 20-day limit on reconsideration motions *of parties*, not on reconsiderations done on OHA's own initiative.  *See* 13 C.F.R. § 134.227(c).  In any event, such a regulation cannot limit our court's power to remand appropriate matters, *see* 28 U.S.C. § 1491(a)(2), which may be exercised at the request of the government --- even when reconsideration is not based on an admission of error, *see Bias v. United States*, 124 Fed. Cl. 663, 667 (2016) (citing *SKF USA Inc. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)).  Second, intervenor argues that a remand would be futile, as the document OHA wishes to consider was in the record when three previous size determinations went against plaintiff's members.  Intervenor's Opp'n at 5–6.  But reconsideration is sought because no party brought this document to OHA's attention, Def.'s Reply at 4, and plaintiff apparently was unaware of its existence in the SBA's records, Pl.'s Reply at 5.  Intervenor's final argument against a remand was based on a misunderstanding of the government's stay of contract award.  *See* Intervenor's Opp'n at 6–7.  Defendant has clarified that the stay would remain in place while OHA reconsidered its decision, Def.'s Reply at 5, and the Court presumes that no contracts will be awarded until this protest is resolved.

For the foregoing reasons, defendant's motion to dismiss the protest as moot is **DENIED** and its motion for a remand to the SBA's OHA is **GRANTED**.  Pursuant to RCFC 52.2(b), the Court provides the following directions to the parties on remand:

(1)  The remand period shall terminate on **Monday, February 13, 2017**, and proceedings in this case are **STAYED** until that date.  If the SBA's Office of Hearings and Appeals has not responded on or by **Monday, February 13, 2017**, the parties shall follow the procedures set forth in RCFC 52.2(d).

(2)  The SBA's Office of Hearings and Appeals shall reconsider whether FTSS was an approved mentor/protégé entity at the time it submitted a proposal on solicitation number N61340-15-R-0052 in light of a document in the record entitled "8(a) Annual Review Requirements List" and dated July 24, 2015, and any other arguments or evidence which OHA decides to consider.

(3)  When proceedings before the SBA's Office of Hearings and Appeals have concluded, OHA shall forward two copies of its decision to the clerk of the Court of Federal Claims pursuant to RCFC 52.2(e).  Within thirty (30) days of the filing of the SBA's response, the parties shall then file the notices required by RCFC 52.2(f)(1).

The Clerk is directed to serve a certified copy of this order on the SBA's Office of Hearings and Appeals at:  Office of Hearings and Appeals, U.S. Small Business Administration, 409 Third Street, SW, Washington, DC  20416.

- 4 -

**IT IS SO ORDERED.**

                                                <u>s/ Victor J. Wolski</u>
                                                **VICTOR J. WOLSKI**
                                                Judge